Please call the next case. Order, Mr. T90906, T.A. Brinkotter & Sons v. Workers' Compensation Commission. You may proceed. Thank you, Your Honors. May it please the Court, Mr. Smith? I represent the employer, the appellant in this case, T.A. Brinkotter, with respect to Lonnie Ginger's work comp claim. I have four specific areas that I just want to briefly go through with you, areas that I feel that the arbitrator and thus the commission made significant errors and that were not supported by the evidence in this case. First of all, in the TTD aspect, this is a... Before we get to that, is the commission's order a final order, appealable order? With respect to apportions... We don't get to anything else if that's the case, right? Right, with respect to a portion. The last issue that I was going to address with you is the vocational rehab portion. Your argument is only a portion of it's not final? Well... I mean, if it's not a final order, it's not appealable, right? In the case that I cited for you, the Supreme Court case, it talks about the fact that generalized vocational rehab orders are not final and they're not appealable and thus not reviewable by the circuit court. Is that separate and apart from the rest of the order they signed? I don't know. I did not find case law where that specific... No, no, I mean... Oh, I'm sorry. In our case, didn't they just issue one decision? They did. Well... And with respect to the case law... Could it be partially final? Because that's the problem. Yeah, I don't know the answer to that. I couldn't find specific case law where something like this came through in the vocational rehab. The cases that I saw, they sent it back for the commission to hear evidence, to take witness testimony, to come up with something besides just this generalized order of vocational rehab. Well, it occurs to me that that's the case almost in every case that we date for lack of jurisdiction. They've issued some type of an order on causation, but they're non-final on something else, and we say the order's not final, it's not appealable, and we have no jurisdiction over it. And neither does the circuit court. And that might be the case that I cited for you of a couple of the different cases. That's what they said. They remanded, they said the circuit court did not have the jurisdiction to hear that portion, and at that point is when it should have been remanded back to the commission. It says it doesn't. I'm sorry? Doesn't international papers say that? It's allowed before determination of the vocational rehab plan. The courts are going to be faced with piecemeal litigation, which is improper. So are you objecting on jurisdiction or not? I am objecting. I'm saying that the circuit court didn't have jurisdiction to hear at least that portion of it. That's when it should have probably been sent down. He made a ruling when he didn't have jurisdiction, so at least as far as that portion of it, I don't think so. Because it is one order, I don't think you have jurisdiction to hear all of it. You put a jurisdictional statement in it. This case has brought forth an appeal as a matter of right to rule 303. That means we have to be dealing with a final order. It was in your reply read that the light bulb went off. Yes, it was. When a couple of cases that Mr. Smith cited led me to new cases, and that's where that issue came forth, and I realized that that was something that needed to be brought to your attention. In addition to that portion of it, the award itself was completely inconsistent, and it deals with the vocational rehab maintenance portion as well as permanency. Those two awards are inconsistent with each other. One is saying you've reached a state of permanency. We can decide what you're entitled to as far as permanency. The other one says you haven't reached a state of permanency. We have to try to do something to get you to a state of permanency. There's some internal conflict you're saying. There is. So I guess the very short of it is I am objecting to the jurisdiction, and because it was just one order, I think it does need to be remanded back for determination. And I would argue that then remanded back on the issue of permanency versus, are we talking permanency or vocational rehab maintenance because of those inconsistencies? I have a question for you. If we make a determination that the circuit court had no jurisdiction to hear this case, we can certainly, we always have jurisdiction to determine the circuit court's jurisdiction. And if we determine the circuit court had no jurisdiction in this case, where would we get to determine the jurisdiction to determine that the commission never should have decided permanency before it decided voc rehab? I think you get your direction from the Illinois Supreme Court and their case law that indicates this is how this is supposed to have happened. We understand that. Okay. My question is, if there's no jurisdiction to decide that, where do we get the jurisdiction to decide it now? We may get it when it comes up after remand. But the question that I have is, granted, we have jurisdiction to determine that the circuit court had no jurisdiction. Once we determine that, can we say anything else? We have jurisdiction to enter any orders beyond that. Other than go vacate and go back and go over. You're probably exactly right. If there is no jurisdiction, there's no jurisdiction to hear the appeal at all, and it needs to go back down. You're exactly right. Unless there's a procedure before the Illinois Supreme Court where they apparently have dropped the doctrine of revestment of jurisdiction in general cases with the appellate court. That would be subject to further studies. Revestment is one of the most ridiculous things I've ever heard. So what I maybe will say is I'll agree with you, Your Honors, that it is one order. There was no jurisdiction for the circuit court to hear it, and I will sit down. Thank you. Thank you. Thank you. Counsel, you may respond. You may have gathered, Mr. Smith, what the looming overarching issue is here this morning. Yes, I do, Your Honors. If you think we have jurisdiction, tell us why. Yes, I do. I think you have jurisdiction to decide this issue. This actually came up, and may I please, co-counsel as well as this court. The question was asked to me during oral arguments in front of the commission, and unfortunately oral arguments are not made part of the record. The question was asked by the commission whether or not you wanted permanency or you wanted maintenance, because you can't have both. And we said we wanted maintenance. I'm sorry, we wanted the permanency aspect of it. And under 8D1, the part of 8D1 says the employee elects to waive his right to recover under subparagraph 1 of paragraph D, which we did at the commission. So why did the commission then affirm and adopt in its entirety the arbitrator's decision that we would generalize the Oak Rehab Award? I think it was probably an oversight. We don't have what you're telling us in the record anywhere. I understand that. The oral argument is not part of that. It went up. I did not appeal the commission's decision. Did you file anything to correct the commission's decision? I didn't because they appealed. Well, here's the issue. The Supreme Court very clearly says a remand for further hearing on the issue of Oak Rehab requires further administrative involvement, and the decision of the commission is not final. I'm sure you don't quarrel with that. You're giving us an explanation or an interpretation of what happened, but we have to go on the basis of what's in the record, in the order in the record. We can't go to yours, the record, or go outside the record and say, ah-ha, they really meant this, therefore it's not a final order. Do you see the dilemma here? And I understand that. I think that we can have an admission. If you look at my briefs, I don't argue that we should be having continuing maintenance after that and additional vocational rehabilitation. I didn't argue that. Nevertheless, that's what the order is. But that's what the decision says. I was more concerned. I mean, I'm concerned about the award and the argument that his self-directed vocational rehabilitation plan, which they argued against, that's what I was concerned about in my brief. And if you look at my brief and the issues I presented to you and to this court, that's what I was concerned about. I'm willing to state on behalf of my client that we waive the ---- Wait a minute. Parties cannot vest us with jurisdiction where we have none. Period. The cases are legion. You can't concede our jurisdiction. If we have no jurisdiction, we don't have it. And the question that I have for you is, did the commission enter a decision with generalized voc rehab order? If the answer to that question is yes, we have no jurisdiction. Just that simple. You've got to go back downstairs and tell those characters to correct their decision and then give us a final order. And then we can address it. But you can't waive anything and invest us with jurisdiction if we don't have it. I understand what you're saying. They entered an order that maybe wasn't exactly what your request for what you wanted. But I'm curious. When you saw that generalized order, if it wasn't in accord with what you were trying to obtain, did you file any motions to clarify or do anything there? They filed the appeal the whole time. Just so you understand. We would have had to bring this up to a response anyway. And I recognize that it wasn't until after you filed your brief that this actually first came up in the issues in the reply brief. So you didn't get a chance to respond to it in any way. That's clear from the record. Like I said before, and I'm sorry, the jurisdiction part of it, I didn't see it as much as because they've appealed the whole way. And the order of the circuit court did mention ongoing vocational rehabilitation and or ongoing maintenance. And before oral arguments in front of the commission, they said either or. And I know it's not part of the record. But I said we believe that we want the disability portion of it rather than the ongoing voc rehab and the maintenance issue. And you've done a lot of work preparing for oral argument and you're getting thrown a curve ball. Yes, it's a little deflating. And so I guess if the court decides that there's no jurisdiction and they need a final order, then I would almost look at it as a misnomer. I'm not sure what I could have done because it's gone up on appeal the whole way. Right, you were not appealing it. Yeah, I was not appealing it. Well, yeah, but once you've got the order of the commission adopting the arbitrator's position, which was favorable to you, and you recognize that this voc rehab was in there, I mean, it would have been to your benefit to go before the commission and say do something about this because we have no final order. You're not going to get paid until you get a final order, are you? I guess the issue was they appealed right away. Well, I understand. They should have filed a motion to dismiss the appeal. They should have filed a motion to dismiss the appeal and gone back downstairs. But thank you for being here. Yeah. Thank you. Anything further? Ms. Hildebrand, there's no appendix on these briefs. No appendix? And the Supreme Court rule specifically provides you have to give us the arbitrator's decision, you have to give us the circuit court's decision, you have to give us the commission's decision in an appendix to these briefs. There's only one record, and only one of us has it. We're sending it all over the state of Illinois, and without it, it makes it very, very difficult for the rest of us to look at this stuff. Thank you. Okay. Thank you, Counsel Bowles. A proper disposition will be issuing a written disposition from this court.